IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DUKHAN MUMIN,<br><br>        Petitioner,<br><br>vs.<br><br>BRAD HANSEN,<br><br>        Respondent. | 8:19CV272<br><br>**MEMORANDUM<br>AND ORDER** |

      This matter is before me on initial review of Petitioner Dukhan Mumin's Petition for Writ of Habeas Corpus (filing no. 1), Supplemental Petition (filing no. 7), and Amended Petition (filing no. 8) (collectively "petition"). *See* NECivR 15.1(b) (court may consider pro se litigants' amended pleadings as supplemental to, rather than as superseding, the original pleading). Mumin filed his petition pursuant to 28 U.S.C. § 2254, but subsequently moved for leave to have his petition considered pursuant to 28 U.S.C. § 2241. (Filing No. 11.) For the reasons discussed below, I will treat the petition as one filed under § 2254 and will dismiss the petition as it is a second or successive habeas corpus petition that has not been authorized by the Eighth Circuit Court of Appeals.

      Mumin attacks his 2013 conviction and sentence in Lancaster County District Court Case No. CR11-954 in which he was sentenced as a habitual offender to a mandatory minimum of 10 years to a maximum of 20 years for possession of a controlled substance. Liberally construed, summarized and condensed, Mumin alleges that his sentence was void because: (1) no valid judgment of conviction was entered, (2) the habitual offender enhancement he received pursuant to Neb. Rev. Stat. § 29-2221 violates due process, equal protection, and the ex post facto clause, (3) the Nebraska Department of Correctional Services administratively increased his sentence in violation of due process, (4) he was vindictively prosecuted, (5) his conviction was obtained in

violation of his rights under the Confrontation Clause, and (6) he received ineffective assistance of trial and appellate counsel.

With respect to claims (4), (5), and (6) listed above, I resolved similar claims against Mumin in his prior habeas litigation, *Mumin v. Frakes*, 4:16CV3033, Filing No. 52 at CM/ECF pp. 14–21.[1] The decision was affirmed by the Eighth Circuit Court of Appeals, and his petition for writ of certiorari was denied by the Supreme Court. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). (Emphasis added.) *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) (Under provision of Antiterrorism and Effective Death Penalty Act (AEDPA) governing second or successive habeas petitions, if the claim presented in the second or successive petition was also presented in the prior petition, the claim must be dismissed).

Regarding the remaining claims, Mumin has attempted to raise some of these claims in several of his other habeas cases in this court. *See Mumin v. Hansen*, 4:17CV3164; *Mumin v. Hansen*, 4:17CV3169; *Mumin v. Hansen*, 4:18CV3105; *Mumin v. Hansen*, 8:18CV102. As Mumin should be well aware, he must seek the permission of the Eighth Circuit Court of Appeals to commence this successive habeas action. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). As he has not done so, this matter must be dismissed on that basis as well. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain an order authorizing him to file second petition).

---

[1] The court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981). Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it. *Id.*

Mumin attempts to avoid the restrictions on successive petitions, as well as the statute of limitations, embodied in AEDPA by arguing that no valid judgment of conviction was ever entered against him and his conviction never became final. Thus, as his argument goes, he is being held pursuant to an unconstitutional "sentence" not a "judgment" and § 2241 is the proper vehicle under which to consider his habeas claims. I have rejected this argument before remarking that Mumin's state court records establish that the judge found Mumin guilty on May 8, 2013, and a signed order sentencing Mumin to a term of imprisonment was signed by Judge Karen B. Flowers and entered on August 19, 2013. (*See* Filing No. 24 at CM/ECF p. 5, Case No. 4:17CV3164.) Mumin disputes that conclusion because there is no signed, separate "Judgment of Conviction" that appears in his court records and argues that such a document is required by Nebraska law. He is incorrect.

I rejected a similar argument in *Campbell v. Burns*, No. 8:19CV273, 2019 WL 3081016 (D. Neb. July 15, 2019), where the petitioner, Campbell, sought a writ of mandamus directing a state trial court judge to vacate Campbell's 2002 sentencing order because there was no signed and file-stamped journal entry and order showing that the judge rendered a judgment of conviction. I concluded the petitioner could not satisfy his burden of showing he had a clear and indisputable right to issuance of a writ of mandamus because the court's own records as well as the state court records demonstrated that the trial judge orally pronounced the petitioner guilty and then entered a signed, file stamped judgment after the petitioner was sentenced. *Id.* at *2. I reasoned, in relevant part:

> Contrary to Campbell's assertions, a signed, file-stamped journal entry and order of a *finding of guilt* is not required by Neb. Rev. Stat. § 25-1301[2] for a valid final *judgment* in a criminal case. Under

---

[2] Neb. Rev. Stat. § 25-1301 provides, in relevant part:

> (2) Rendition of a judgment is the act of the court, or a judge thereof, in signing an order of the relief granted or denied in an action.

Nebraska law, "[a] final judgment in a criminal action is not the conviction, but the sentence imposed thereon. A finding of guilty is a conviction, but it is not a judgment or a final order . . . ." *State v. Engleman*, 560 N.W.2d 851, 857 (Neb. Ct. App. 1997) (citations omitted). In *Engleman*, the Nebraska Court of Appeals held there was no valid finding of guilt where the record contained "*no oral pronouncement of guilt*, no journal entry, and no notation made on the trial docket finding [the defendant] guilty." *Id.* at 856.

*Id*. (third emphasis added).

Here, as in *Campbell*, the court's own records show that the trial court judge presiding over Mumin's criminal case orally pronounced Mumin guilty in open court on May 8, 2013, when she found "beyond a reasonable doubt that Mr. Mumin did knowingly or intentionally possess controlled substance, specifically crack cocaine, on the date alleged in the Information in Lancaster County." (Filing No. 28-23 at CM/ECF p. 50, Case No. 4:16CV3033.) The trial judge also entered a "Judge's Note" on that same date memorializing what transpired in open court. (Filing No. 28-19 at CM/ECF p. 28, Case No. 4:16CV3033.) The judge's oral pronouncement constitutes the conviction and the subsequent signed, file stamped sentencing order entered on August 19, 2013 constitutes the judgment. (*See* Filing No. 28-19 at CM/ECF pp. 20–21, Case No. 4:16CV3033.)

The court's conclusion is supported by *State v. Avina-Murillo*, 917 N.W.2d 865 (Neb. 2018), the case Mumin principally relies upon for the proposition that a signed "Judgment of Conviction" is required under Nebraska law. Contrary to Mumin's reading, the Nebraska Supreme Court in *Avina-Murillo* held that a conviction was entered when the trial court accepted a jury's verdict in open court, not when the written judgment of conviction was filed 3 days later. In concluding

---

(3) The entry of a judgment, decree, or final order occurs when the clerk of the court places the file stamp and date upon the judgment, decree, or final order.

the defendant's motion for a new trial filed twelve days after the jury returned its verdict was untimely, the court explained:

> Avina-Murillo's reliance on the filing date [of the judgment of conviction] is misplaced. Technically, the document was not a "judgment." We have held that the judgment in a criminal case is the sentence. The document here did not impose a sentence. It merely memorialized what had already transpired. The delay in filing of the document did not affect the legal significance of the events that already had occurred in open court.

Id. at 873 (footnote omitted).

As the foregoing demonstrates, Mumin's argument that no valid conviction was entered in his criminal case lacks merit. Mumin is in custody pursuant to a state court judgment, and his habeas petition is properly considered under § 2254. Because he did not obtain advance authorization from the Eighth Circuit Court of Appeals to file his petition, the court will dismiss Mumin's petition pursuant to 28 U.S.C. § 2244(b).

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The court has applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Petitioner's habeas petition (filing no. 1; filing no. 7; filing no. 8) is denied and dismissed without prejudice to reassertion upon certification by the

Eighth Circuit Court of Appeals. No certificate of appealability has been or will be issued in this matter.

2. Petitioner's motion for leave to have his petition considered pursuant to 28 U.S.C. § 2241 (filing no. 11) is denied.

3. Petitioner's other pending motions (filing no. 15; filing no. 18; filing no. 19) are denied as moot.

4. The court will enter judgment by separate document.

Dated this 16th day of March, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge