IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DUKHAN MUMIN, | |
| Petitioner, | 8:19CV272 |
| vs. | |
| BRAD HANSEN, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the court on Petitioner Dukhan Mumin's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(4). (Filing 29.) On March 16, 2020, the court entered a Memorandum and Order and Judgment (filings 21 & 22) treating Mumin's habeas petition (filings 1, 7, & 8) as one filed pursuant to 28 U.S.C. § 2254 and dismissing the petition as a second or successive habeas petition that was not authorized by the Eighth Circuit Court of Appeals. Mumin filed a Notice of Appeal (filing 25) on March 26, 2020. The following day, on March 27, 2020, Mumin filed the present motion pursuant to Fed.R.Civ.P 60(b)(4) claiming the court's judgment is void as it is inconsistent with due process because the court failed to consider all of his claims.

## I. JURISDICTION

Initially, it must be acknowledged that this case is on appeal. As a general rule, a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously, and the filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004). The court may, however, consider a motion pursuant to Fed. R. Civ. P. 60(b) on the merits and deny it even if an appeal is already pending in the Court of Appeals. *Id.* If the court decides to grant

the motion, however, the parties should ask the Court of Appeals to remand the case for entry of a proper order. *See id.* Here, the basis for Mumin's motion is Rule 60(b)(4), though the court liberally construes the motion as seeking relief under Rule 60(b)(6) as well. *See* Fed.R.Civ.P. 60(b)(6) (providing for relief from a judgment for "any other reason that justifies relief").

## II. DISCUSSION

**A. Standard for Review of 60(b) Motion in Closed Habeas Proceeding**

Before considering Mumin's claims for Rule 60(b) relief, the court must make an initial determination of whether the claim is a proper ground for Rule 60 relief or whether the claim amounts to a second or successive habeas claim. A prisoner may file a second or successive petition under § 2254 only after obtaining authorization to do so from the appropriate United States Court of Appeals. 28 U.S.C. § 2244(b)(3). The Eighth Circuit has directed that where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court should file the motion and then conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2254. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, it should dismiss the motion for failure to obtain authorization from the Court of Appeals or, in its discretion, transfer the purported Rule 60(b) motion to the Court of Appeals. *Boyd*, 304 F.3d at 814.

As the Eighth Circuit has explained,

> A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim. For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an "asserted federal basis for relief from a state court's judgment of conviction" or as an attack on the "federal court's previous resolution of the claim *on the merits*." *Gonzalez [v. Crosby]*, 545 U.S. [524,]

2

530, 532 [(2005)]. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at 532 n. 4, 125 S.Ct. 2641. When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA [Antiterrorism and Effective Death Penalty Act].

No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." *Id.* at 532, 125 S.Ct. 2641. Likewise, a motion does not attack a federal court's determination on the merits if it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at n.4.

*Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009) (emphasis in original).

### B. Defects in County Court Complaints

First, Mumin argues that the court failed to address his claim that the Lancaster County Attorney failed to file a criminal complaint in the manner required by law in order to confer jurisdiction on the county court to proceed with Mumin's prosecution for a felony offense. Mumin contends that the court should have considered this claim in making the determination that his habeas petition was a § 2254 petition as opposed to a § 2241 petition. The court concludes Mumin has presented a proper basis for relief under Rule 60(b).

Mumin's claims regarding the improper criminal complaint were not presented in his Petition for Writ of Habeas Corpus (filing 1), Supplemental Petition (filing 7), or Amended Petition (filing 8) (collectively "petition"). Rather, these claims were raised only in his Brief in Support of his Motion for Summary Judgment. (Filing 16 at CM/ECF pp. 5–7.) Mumin argues that no proper, valid, and legal complaint was ever filed in his criminal case because the complaints lack the requisite file stamp. To the extent these claims were raised as a reason for

avoiding the strictures on § 2254 petitions,[1] the court is unpersuaded by Mumin's arguments.

Contrary to Mumin's assertions, "no [Nebraska] statute requires use of a file stamp to make the required endorsement upon an information filed in a criminal case." *State v. Muse*, 721 N.W.2d 661, 667 (Neb. Ct. App. 2006), *aff'd*, 727 N.W.2d 689 (Neb. 2007). Moreover,

> It has long been held that in the absence of evidence to the contrary, it may be presumed that public officers faithfully performed their official duties and that absent evidence showing misconduct or disregard of law, the regularity of official acts is presumed. See, *State v. Hess,* 261 Neb. 368, 622 N.W.2d 891 (2001); *Ludwig v. Board of County Commissioners,* 170 Neb. 600, 103 N.W.2d 838 (1960). See, also, e.g., *Sherard v. State,* 244 Neb. 743, 509 N.W.2d 194 (1993). Such presumptions are applied to the official acts of the clerks of the district courts. *State v. Hess, supra.* See, e.g., *Knaak v. Brown,* 115 Neb. 260, 212 N.W. 431 (1927). Because the clerk of the district court is required by law to file and endorse the date of filing of all documents filed in the court, the timely filing of such documents is an official act to which the presumption of regularity attaches. *State v. Hess, supra.*

*Id*. at 667.

Mumin's argument that the state district court should have noticed the jurisdictional defects in the county court complaints and ordered the filing of a new and proper complaint is also unsupported by law. In *State v. Alford*, 884 N.W.2d 470 (2016), upon which Mumin relies, the Nebraska Court of Appeals noted the lack of "authority requiring the district court to review the sufficiency of the

---

[1] The court notes that, after the present petition was dismissed, Mumin filed a separate habeas action asserting his claims regarding the defective criminal complaints as a basis for federal habeas relief. The court dismissed that petition as a second or successive habeas petition. *See Mumin v. Wasmer*, 8:20CV117.

complaints filed in county court after the matter has been bound over and charged by information." *Id*. at 478–79. Rather,

> [a] defective verification is subject to a motion to quash or a plea in abatement. *State v. Gilman,* 181 Neb. 390, 148 N.W.2d 847 (1967). A defendant who pleads the general issue without raising the question, however, waives the defect. *Id.* A plea of not guilty ordinarily waives all matters which might have been raised by a motion to quash or a plea in abatement. *State v. Moss,* 182 Neb. 502, 155 N.W.2d 435 (1968).

*Id*. at 479. Like Mumin, Alford attacked the validity of the complaints filed in county court. The court ultimately rejected Alford's argument finding that the district court's jurisdiction was based upon the information and any defects appearing in the district court information were waived when Alford entered pleas of not guilty to the charges. *Id*.

Here, Mumin's state court records show that he filed both a motion to quash and a plea in abatement in the state district court, neither of which raised any issue regarding defects in the complaints.[2] Mumin was then arraigned in state district court on December 7, 2011 and stood mute. (*See* Filing 28-28 at CM/ECF p. 1, Case No. 4:16CV3033.) Thus, Mumin waived any claim regarding the defects in the complaints. *See State v. Severin*, 553 N.W.2d 452, 456 (Neb. 1996) (rule that pleading to the general issue waives all defects that might have been attacked by a motion to quash applies to situation where a defendant stands mute at arraignment and court enters not guilty plea on defendant's behalf). The court, therefore,

---

[2] This court has been afforded access to the computerized record keeping system for the Nebraska state courts. The court takes judicial notice of the state court records related to this case in *State v. Dukhan Mumin*, Case No. CR11-954, District Court of Lancaster County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

5

concludes Mumin's claims regarding the defective criminal complaints lack merit and fail to establish that he is not subject to a valid final state court judgment.

**C. Administrative Increase in Sentence**

Mumin argues that the court failed to address his claim regarding the manner in which his sentence is being executed. Specifically, Mumin contends that, sometime in 2016, the Nebraska Department of Correctional Services ("NDCS") altered his sentence to reflect a discharge date of 2028 as opposed to the discharge date of 2023 given at sentencing by the Lancaster County District Court. The court's failure to address this claim is a proper basis for relief under Rule 60(b), and the court, thus, analyzes the merits of this claim.

In its Memorandum and Order dismissing Mumin's petition, the court acknowledged that his petition asserted a claim that "the Nebraska Department of Correctional Services administratively increased his sentence in violation of due process." (Filing 21 at CM/ECF p. 1.) The court concluded that such claim was subject to the prohibition against second or successive habeas petitions without proper authorization from the Court of Appeals. Mumin argues that his claim challenges the manner in which his sentence is being executed which "is a claim that is allowed under [§] 2241." (Filing 29 at CM/ECF p. 2.) Liberally construed, Mumin argues that this claim should not be barred as a second or successive habeas petition.

Where a petition for habeas corpus challenges "the execution of [a petitioner's] sentence [it] should not be deemed 'second or successive' merely because he has previously filed a § 2254 challenge to the constitutionality of his convictions." *Crouch v. Norris,* 251 F.3d 720, 724 (8th Cir. 2001). However, "if the prisoner could have raised the claim in an earlier petition, the subsequent challenge will be treated as a successive petition." Brian R. Means, Federal Habeas Manual § 11.72; *cf. Crouch*, 251 F.3d at 722–25 (petition challenging denial of

parole was not a second or successive petition where claim could not have been raised in earlier petition).

Mumin asserts that the NDCS increased his sentence in 2016. Mumin's first habeas action challenging the conviction for which he is presently in custody was filed on March 8, 2016, but Mumin did not assert any claims related to the execution of his sentence. *See generally Mumin v. Frakes*, 4:16CV3033. Even if the court assumes that the claim did not exist at the time Mumin filed his petition in Case No. 4:16CV3033, Mumin could have raised the claim in any of his subsequent habeas petitions filed in this court but he did not. See *Mumin v. Hansen*, 4:17CV3164; *Mumin v. Hansen*, 4:17CV3169; *Mumin v. Hansen*, 4:18CV3105; and *Mumin v. Hansen*, 8:18CV102. Thus, absent any indication that this claim was not available prior to Mumin's filing of the present petition, the court concludes Mumin's execution-of-sentence claim is still subject to the restriction on successive petitions and Mumin would be required to seek authorization from the Eighth Circuit Court of Appeals to raise it in this court.

IT IS THEREFORE ORDERED that:

1. Petitioner Dukhan Mumin's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(4) (filing 29) is denied.

2. Petitioner is advised that to seek appellate review of this denial, a separate notice of appeal must be filed to challenge this order.

3. The clerk of the court is directed to transmit a copy of this Memorandum and Order to the Eighth Circuit Court of Appeals as a supplement to the Notice of Appeal.

Dated this 19th day of June, 2020.

>BY THE COURT:
>
> *Richard G. Kopf*
>
> Richard G. Kopf
> Senior United States District Judge

8